## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br> Plaintiff, )<br>  )<br>v. )<br>  )<br>IYAHANA ADAMS, )<br>  )<br> Defendant. ) | Case No. CR-23-00430-JD |

### **ORDER**

Before the Court is Defendant Iyahana Adams' Unopposed Motion to Seal Supplemental Sentencing Memorandum ("Motion"). [Doc. No. 63]. The Motion requests leave to file Adams' Supplemental Sentencing Memorandum under seal. The Motion advises that the supplemental sentencing memorandum contains extensive sensitive and protected personal information. Motion at 1. Counsel for the government does not oppose the Motion. *Id*.

Federal Rule of Criminal Procedure 49.1(d) provides that "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

Under Rule 49.1(d), the Court PROVISIONALLY GRANTS the Motion. Adams' counsel may file the supplemental sentencing memorandum and any supporting documents under seal in accordance with the Electronic Case Filing Policies and Procedures Manual for the Western District of Oklahoma. At sentencing, however, the parties should be prepared to address whether the supplemental sentencing memorandum

should remain under seal following sentencing or whether a redacted version should be filed for the public record. *See* Fed. R. Crim. P. 49.1(d); *cf. United States v. Bacon*, 950 F.3d 1286 (10th Cir. 2020). Additionally, the parties must confer prior to the sentencing hearing in a good-faith attempt to prepare proposed redactions in the event the Court orders these filings unsealed in whole or in part, and counsel for Adams must appear at the sentencing hearing with a proposed redacted version of any filings that were filed entirely under seal as a result of this Order.[1]

    IT IS SO ORDERED this 25th day of November 2024.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] For example, although direct references to confidential and sensitive information and recommendations might be properly sealed, general references to charging documents, statutes, sentencing guidelines, and associated case law often do not need to be withheld from public access.